FILED
JUNE 24, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITEDD STATES DISTRICT COURT
NORTHERN DIVISION

08cv2780
JUDGE COAR
MAG. JUDGE MASON

Joseph R. Cheek (Plaintiff)

Vs.

Friedman Place, Maplewood Housing for the Visually Impaired (Defendant)

**COMPLAINT**

Comes now Plaintiff, by and through his own representation, in this cause of action, and asserts the following complaint:

1. Plaintiff resides at 5527 N. Maplewood Ave., Apt. 305, Chicago, IL 60625. Both Defendants operate at the same address
2. . Both Defendants are parent/child corperaations. The lease states that Maplewood Housing for the Visually Impaired is the landlord and the Friedman Place is the Managing Agent for the landlord. Friedman Place is a not-for-profit corperation and Maplewood Housing for the Visually Impaired is a corperation for profit. Plaintiff believes that Defendants are not immune from causes of action against them.
3. Plaintiff has worked 3 guide dogs from the same school, Pilot Dogs Inc. Defendants assert that Pilot Dog Poppy and Pilot Dog Graham were retrieved from Plaintiff because of neglect. This was not true.
4. According to Pilot Dogs, Pilot Dog Poppy was taken at Plaintiff's request because he was dealing with the aftermath of a divorce and could not emotionally take care of the dog. In the case of Pilot Dog Graham, the dog was taken because Plaintiff was on a very high dose of a psychiatric medication and could not function. He finally saw a psychiatrist after Pilot Dog Graham was taken. Plaintiff finds this to be more than coincidental.
5. On February 11, 2008, Plaintiff left for Pilot Dogs to train with his new dog. This dog was Pilot Dog BJ. A representative for the Defendants attempted to make the decision as to which school Plaintiff could attend. Plaintiff composed a letter to this representative informing her that she could make this decision for Plaintiff and why she could not make this decision. A letter was then sent to Plaintiff stating rules he had to follow in order to keep his dogg. This letter stated thata if any of the conditions were not met, the dog would be taken and Plaintiff would receive a 30 day notice.
6. After returning home, a discussion was made between the Executive Director(a representative for both Defendants) and the office manager about "tie-downs" or crates. Plaintiff was told that a crate would be purchased for Pilot Dog BJ. The offer was later withdrawn
7. On March 7, 2008, the Director of Nursing and one of the Certified Nurses Assistants went into Plaintiff's apartment, where the dog was resting, and

gave her 2 full bowls of water at 11:30 p.m. This was without the Plaintiff's permission and without his knowledge, until he went to take the dog out for relief. Plaintiff filed a grievance, according to inhouse procedures. Staff met 2 days later to decide whata to do about the grievance.

8. On March 13, 2008, a meeting was called between Plaintiff and Defendant's administration. Plaintiff was told by the Executive Director that the dog goes back to the school or Plaintiff would receive a 30 day notice. Plaintiff was forced to agree to sending the dog back because he had no place to relocate with his dog. Defendants claim that BJ was urinating in the building and deficating in and outside the building. The dog only went twice in the building, once in Plaintiff's apartment from getting into garbage, and another time, in a friend's apartment because she was left alone and was nervous. Defendants claim 12 instances, but have not provided sufficient proof to that fact. Defendants also started that the dotg was too rambunctious, but did not give Plaintiff more than adequate time to calm her down. Plaintiff was also told that Plaintiff could not be safe with the dog. If this was the case, the dog would not be sent out.

9. Plaintiff was told that he could only go to an accredited school and that no other Pilot Dogs would be allowed in the building, but Defendants have just allowed another Pilot Dog in the building after this decision was made.

10. Defendants wish to adopt policies for dogs in the building, but Plaintiff has never been invited to participate in any dog meetings.

11. Both Plaintiff and Defendants are not affiliated with the Armed Forces, the United States government, or this court.

Plaintiff seeks relief in the sum of $5 million($2.5 million for actual damages and $2.5 million for punative damages). Plaintiff wishes to not only treat this cause of action as a discrimination case, but as a psychological personal injury, due to extreme psychosis.

I hereby certify that the information given in this complaint to be true to the best of my knowledge.

_____DATE_____

Joseph R. Cheek
5527 N. Maplewood Ave. Apt 305
Chicago, IL 60625
(773)409-6160