IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH R. CHEEK,<br><br>    Plaintiff,<br><br>v.<br><br>FRIEDMAN PLACE and MAPLEWOOD HOUSING FOR THE VISUALLY IMPAIRED,<br><br>    Defendants. | No. 08-CV-2780<br><br>Hon. David H. Coar<br>Judge Presiding<br><br>Magistrate Judge Michael T. Mason<br><br>**Jury Trial Requested** |

## AMENDED COMPLAINT

NOW COMES Plaintiff, JOSEPH R. CHEEK, by his counsel, SEYFARTH SHAW LLP, and complaining of Defendants, FRIEDMAN PLACE and MAPLEWOOD HOUSING FOR THE VISUALLY IMPAIRED, states as follows:

### PRELIMINARY STATEMENT

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. 3601 *et seq.* and 775 ILCS § 5/3-102.1 *et seq.* Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendants' discriminatory housing practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. 3601 *et seq.* This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4. Plaintiff, JOSEPH R. CHEEK, is a citizen of the United States who resides at 5527 N. Maplewood Avenue, Apartment 305, Chicago, Illinois 60625 ("Maplewood").

5. Defendant FRIEDMAN PLACE, is a not-for-profit corporation properly recognized and sanctioned by the laws of the state of Illinois. At all times relevant hereto, Defendant FRIEDMAN PLACE has conducted, and continues to conduct, business in the State of Illinois.

6. Defendant MAPLEWOOD HOUSING FOR THE VISUALLY IMPAIRED, is a not-for-profit corporation properly recognized and sanctioned by the laws of the state of Illinois. At all times relevant hereto, Defendant MAPLEWOOD HOUSING FOR THE VISUALLY IMPAIRED has conducted, and continues to conduct, business in the State of Illinois.

## COUNT I - 42 U.S.C. § 3601 *et seq.* – HOUSING DISCRIMINATION

7. Plaintiff is a visually impaired individual who was qualified to obtain housing at Maplewood.

8. Defendants are aware that Plaintiff is a visually impaired individual.

9. On or about January 11, 2006, Plaintiff entered into a one-year lease with Defendants for an apartment at Maplewood (the "Original Lease"). Plaintiff renewed the Original Lease on or about January 11, 2007 and January 10, 2008, each for a one-year term (collectively, the "Renewed Lease").

10. The Defendants maintain written rules and regulations for residents, but no restrictions or requirements governing guide dogs, including but not limited to, provisions requiring guide dogs to be trained at specific facilities.

11. Prior to February 9, 2008, Ann F. Lagory ("Lagory"), Executive Director, a representative for Defendants, attempted to restrict Plaintiff from obtaining a guide dog from an

organization of his choice and sought to determine the organization where the Plaintiff could obtain a guide dog.

12. On February 9, 2008, Plaintiff notified Defendants that he would be attending guide dog training at Pilot Dogs, Inc. via letter (the "February 9 Letter") and objected to Lagory's attempt to restrict Plaintiff's decision-making process.

13. On or about February 10, 2008, Plaintiff went to Pilot Dogs, Inc. ("Pilot Dogs"), an organization which trains guide dogs in Columbus, Ohio, to train with to a new guide dog.

14. Pilot Dogs ensures that its guide dogs are fully trained prior to being placed with a visually impaired or blind owner.

15. In response to the February 9 Letter, Lagory sent Plaintiff a letter on February 18, 2008 (the "February 18 Letter") outlining certain rules must that be followed to allow Plaintiff to keep his guide dog at Maplewood.

16. In the February 18 Letter, Lagory incorrectly asserted that Plaintiff neglected prior guide dogs.

17. The February 18 Letter also stated that if Plaintiff did not follow the letter's guidelines, "your animal will be removed and you will be discharged from Friedman Place."

18. Upon returning to Maplewood after training with Pilot Dog BJ, Plaintiff was approached by Lagory, and Noelle Mack ("Mack"), Office Manager to discuss "tie-down" or crate requirements. As Plaintiff did not own a crate or have sufficient funds to purchase one, Lagory and Mack orally informed Plaintiff that a crate would be purchased for Pilot Dog BJ, an offer that was later withdrawn.

3

19. On or about March 7, 2008, the Director of Nursing and a certified nurses assistant entered Plaintiff's apartment at 11:30 pm, without Plaintiff's permission or knowledge, and provided at least one full bowl of water to Pilot Dog BJ.

20. Plaintiff returned to his apartment while the Defendant's representatives were inside providing Pilot Dog BJ with water. Plaintiff placed the empty water bowl on his countertop.

21. After taking Pilot Dog BJ outside, Plaintiff returned Pilot Dog BJ to his apartment and visited another resident until about 12:30 am.

22. Upon returning to his apartment at 12:30 am, Plaintiff discovered that the water bowl had been refilled and given to Pilot Dog BJ.

23. On or about March 11, 2008, Plaintiff filed a grievance with Friedman Place, according to in-house procedures.

24. On or about March 13, 2008, Plaintiff met with Lagory, management representatives, and others to discuss the grievance.

25. At this meeting, Lagory informed Plaintiff that Pilot Dog BJ would have to be returned to Pilot Dogs or Plaintiff would receive a 30-day notice to vacate his apartment.

26. By threatening Plaintiff with the loss of his home, Defendants attempted to deny Plaintiff of an opportunity to secure housing that he was qualified to receive, and did, in fact, enjoy.

27. Lagory based this ultimatum on alleged incidents involving Pilot Dog BJ, including twelve alleged instances of urinating inside and/or defecating outside of the premises.

28. Defendants failed to provide any basis for these allegations at, or at any time since, the March 13, 2008 meeting.

29. Defendants further alleged that Pilot Dog BJ was too rambunctious, but failed to accommodate Plaintiff's request for additional time to acclimate his dog to Maplewood.

30. Defendants finally alleged that Plaintiff was not safe with Pilot Dog BJ, but provided no basis for its opinion.

31. Defendants mandated that if Plaintiff wished to have a guide dog at Maplewood, the dog would have to be trained at an accredited school selected from a pre-approved list of organizations.

32. Defendants prohibited Plaintiff from owning and keeping any guide dog trained at Pilot Dogs at Maplewood.

33. Defendants, however, allows at least one other resident to own and keep a guide dog from Pilot Dogs at Maplewood.

34. Defendants refused to accommodate Plaintiff's reasonable request to retain Pilot Dog BJ when Defendants threatened to give 30-day notice to terminate the Renewed Lease.

35. Allowing Plaintiff to retain Plaintiff Dog BJ would not pose any undue financial or administrative burden on Defendants, nor would such accommodation alter any rules or regulations for Defendants' residents.

36. The foregoing conduct, as alleged, violates the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, as amended.

37. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendants, Plaintiff has suffered injury, including, but not limited to, physical and emotional harm.

### COUNT II – 775 ILCS § 5/3-102.1 *et seq.*

38. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

5

CH1 11514535.1

39. The foregoing conduct, as alleged, violates the Illinois Human Rights Act, 775 ILCS § 5/3-102.1 *et seq.*

40. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendants, Plaintiff has suffered injury, including, but not limited to, physical and emotional harm.

## COUNT III – BREACH OF CONTRACT

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. Section 13 of the Renewed Lease provides, in part, "The Owner, Service Provider or the Management Agent will give You not less than 24-hour notice of their intent to enter the Unit, except in case of emergency threatening physical damage or loss to the Unit, or a medical emergency."

43. On March 7, 2008, representative for the Defendants entered Plaintiff's apartment without proper notice, without the existence of an emergency, and without any sufficient reason to enter Plaintiff's apartment.

44. Section 19 of the Renewed Lease provides the Defendants with the ability to discharge a tenant with cause, and enumerates several possible reasons for discharge.

45. Defendants did, in fact, threaten to terminate the Renewed Lease.

46. Under the terms of the Renewed Lease, Plaintiff did not provide any basis for the Defendants to terminate or threaten to terminate the Renewed Lease.

47. The foregoing conduct, as alleged, represents a breach of the Renewed Lease, pursuant to which Plaintiff has suffered injury, including, but not limited to, physical and emotional harm.

CH1 11514535.1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOSEPH R. CHEEK, prays for judgment against Defendants and respectfully requests that this court:

A. Declare the conduct of Defendants to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any housing practice which unlawfully discriminates on the basis of disability;

C. Order Defendants to make whole JOSEPH R. CHEEK by providing the affirmative relief necessary to eradicate the effects of Defendants' unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendants;

E. Grant Plaintiff his attorney's fees, costs, disbursements; and

F. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

Respectfully submitted,

JOSEPH R. CHEEK, Plaintiff


By: /s/ Philip L. Comella
 Attorney for Plaintiff

Philip L. Comella
Paul H. Kehoe
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, IL 60603
Phone: (312) 460-5000

CH1 11514535.1

## CERTIFICATE OF SERVICE

Paul H. Kehoe, an attorney, certifies that on July 29, 2008, he caused a true and correct copy of the foregoing AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF System, and caused a true and correct copy of the foregoing AMENDED COMPLAINT to be served upon:

> Ms. Ann F. Lagory, Executive Director
> Friedman Place
> 5527 N. Maplewood Avenue
> Chicago, Illinois 60625

by having same placed in a properly addressed, postage prepaid certified envelope and deposited in the U.S. Mail at 131 S. Dearborn Street, Chicago, Illinois, on this 29th day of July, 2008.

                                              /s/ Philip L. Comella
                                              Philip L. Comella